USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-8-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x
                                  :
UNITED STATES OF AMERICA          :
                                  :       MEMORANDUM DECISION
          - against -             :
                                  :       96 Cr. 495 (DC)
BILAL ELSHAER,                    :
                                  :
          Defendant.              :
                                  :
- - - - - - - - - - - - - - - - -x
```

**APPEARANCES:**          LEV L. DASSIN, ESQ.
                                   Acting United States Attorney for the
                                   Southern District of New York
                                      By:  Michelle K. Parikh, Esq.
                                          Assistant United States Attorney
                                 One St. Andrew's Plaza
                                 New York, New York  10007
                                 Attorney for the United States

                                 LAW OFFICES OF HARLAN J. PROTASS, PLLC
                                      By:  Harlan J. Protass, Esq.
                                 305 Madison Avenue, Suite 1301
                                 New York, New York  10165
                                   - and -
                                 JAMES H. FELDMAN, JR., ESQ.
                                 50 Rittenhouse Place
                                 Ardmore, Pennsylvania  19003
                                 Attorneys for Defendant

**CHIN, District Judge**

       Defendant Bilal Elshaer, a Jordanian national facing deportation from the United States, petitions the Court, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for a writ of error coram nobis.  Elshaer seeks to vacate a conviction for immigration fraud, claiming that his Sixth Amendment right to effective assistance of counsel was violated when his attorney failed to advise him of the immigration consequences of pleading guilty.  For the reasons set forth below, the petition is denied.

## BACKGROUND

A. Facts

### 1. The Conviction

On September 17, 1997, Elshaer waived indictment and pled guilty, pursuant to a cooperation agreement, to an Information containing the following three felony counts: (1) Conspiracy to commit fraud in relation to immigration documents and marriage fraud in violation of 18 U.S.C. §§ 371, 1546(a), and 2, and 8 U.S.C. § 1325; (2) fraud in relation to immigration documents in violation of 18 U.S.C. §§ 1546(a) and 2; and (3) fraudulently entering into a marriage for the purpose of evading the immigration laws in violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2. (5/15/98 Presentence Investigation Report ("PSR") at 1-2). Elshaer, a Jordanian national who had acquired permanent status in the United States, was represented by Gary S. Villanueva, Esq., who was appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. (Id.; Gov. Opp. at 4, 8).

During the plea proceeding, I asked Elshaer whether he had discussed his case and the consequences of pleading guilty with his attorney; he said that he had. (10/17/97 Tr. at 5). I also asked him if the plea agreement he executed reflected his complete and total understanding of the agreement he had with the Government; he said that it did. (Id. at 12-13). I did not ask him if he understood the potential immigration consequences of his guilty plea.

According to the PSR, the applicable range for Elshaer's crimes under the United States Sentencing Guidelines was 6 to 12 months. (PSR at 20). Due to the substantial assistance Elshaer had provided in the prosecution of a co-defendant in the case, the Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1. (5/21/98 Tr. at 2-3). I granted the Government's motion at Elshaer's May 21, 1998 sentencing, and sentenced him to a term of probation for two years on each of the three counts, with the terms to run concurrently. (Id. at 5). As a special condition of probation, I ordered Elshaer to "cooperate with the Immigration and Naturalization Service in the event any proceedings are brought against him, including deportation proceedings." (Id. at 6). This was the only mention of deportation made at the sentencing.

Elshaer did not appeal his conviction or sentence. (Gov. Opp. at 8).

2. **Deportation Proceedings**

In January 1999, the Immigration and Naturalization Service instituted deportation proceedings against Elshaer based on his convictions in this case. (Gov. Opp. at 9). In 2006 an immigration judge held that Elshaer was deportable, and that he was ineligible for a waiver. (Id.). He appealed to the Board of Immigration Appeals, and his appeal was denied. (Id. at 9-10). He petitioned the United States Court of Appeals for the Third Circuit for review, and that appeal is pending. (Id. at 10).

B. **Procedural History**

On February 19, 2009, Elshaer petitioned the Court for a writ of error <u>coram nobis</u>, seeking to have his conviction vacated on the ground that his Sixth Amendment right to effective assistance of counsel was violated because his attorney never advised him of the immigration consequences of pleading guilty. The Government opposed on May 15, 2009, and Elshaer replied on May 29, 2009.

### DISCUSSION

The Government opposes Elshaer's petition on two grounds. First, it argues that he does not meet the technical requirements for invoking the doctrine of <u>coram nobis</u>. Second, it argues that an attorney's failure to advise his client of the immigration consequences of a guilty plea does not constitute a Sixth Amendment violation.

Because the Government's second argument is supported by Second Circuit caselaw directly on point, Elshaer's petition is denied. I do not consider the Government's first argument.

A. **Standard for a Sixth Amendment Violation Based on Counsel's Failure to Advise of Immigration Consequences of Guilty Plea**

The Sixth Amendment guarantees all criminal defendants effective assistance of counsel. <u>See</u> <u>McMann v Richardson</u>, 397 U.S. 759, 771 n.14 (1970) ("It has long been recognized that the right to counsel is the right to the effective assistance of counsel."). To prove ineffective assistance of counsel, a petitioner must show that: (1) his counsel's performance fell

-4-

below an objective standard of reasonableness under prevailing professional norms, and (2) he was prejudiced by counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 686-88 (1984); United States v. Vegas, 27 F.3d 773, 777 (2d Cir. 1994). To demonstrate prejudice, petitioner must show that, but for counsel's errors, there is a sufficient probability that the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.

The law in the Second Circuit is clear that a Sixth Amendment claim cannot succeed where the attorney merely failed to advise his client about the immigration consequences of a guilty plea, because such failure does not fall below an objective standard of reasonableness. See United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002) ("We have held that an attorney's failure to inform a client of the deportation consequences of a guilty plea, without more, does not fall below an objective standard of reasonableness."); Hernandez v. United States, No. 07 Civ. 4593 (RWS), 2008 U.S. Dist. LEXIS 34122, at *11 (S.D.N.Y. Apr. 23, 2008) (holding that "an attorney's failure to inform a client of deportation consequences of a guilty plea does not constitute ineffective assistance of counsel"). The claim can only succeed if the attorney affirmatively misrepresents the consequences of pleading guilty. See Couto, 311 F.3d at 188 (holding that "an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is today objectively unreasonable"); United States v. Santelises,

509 F.2d 703, 704 (2d Cir. 1975) (per curiam) (no ineffective assistance of counsel claim unless attorney makes affirmative misrepresentation as to immigration consequences of guilty plea).

## B. Application

Here, Elshaer does not allege that his attorney affirmatively misrepresented the immigration consequences of his guilty plea, but rather that he did not advise him of the potential for deportation at all. Even assuming what Elshaer claims is true,[1] as discussed above, the law could not be clearer that an attorney's failure to advise his client about the immigration consequences of a guilty plea does not fall below an objective standard of reasonableness.

Elshaer's only response is to point out that all of the cases discussed herein rely on the Second Circuit's 1975 opinion in Santelises, the continued viability of which "is in doubt, because the surrounding immigration law circumstances have completely changed in the interveneing thirty-plus years" since Santelises was decided. (Elshaer Reply at 4). Elshaer cites no case in support of this argument, however, nor does he offer any authority for his suggestion that this Court ignore binding

---

[1] The Government advises the Court that it spoke to Villanueva about his representation of Elshaer and that Villanueva distinctly recalled warning Elshaer that he could be deported if he pled guilty. (Gov. Opp. at 18 n.1).

Second Circuit precedent that squarely addresses the legal issue in this case. His argument is therefore rejected.[2]

Because Elshaer has failed to show that his attorney's performance fell below an objective standard of reasonableness, he cannot succeed on his claim for ineffective assistance of counsel, and I need not consider whether he was prejudiced by the error.

## CONCLUSION

For the foregoing reasons, Elshaer's petition for a writ of error coram nobis is denied. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

Dated: New York, New York
July 8, 2009

DENNY CHIN
United States District Judge

---

[2] I also deny Elshaer's request to hold this case in abeyance until the Supreme Court issues its ruling in Padilla v. Kentucky. The Supreme Court granted certiorari in Padilla on February 23, 2009, 129 S. Ct. 1317 (2009), and is expected to address whether an attorney's failure to advise his client of the immigration consequences of a guilty plea constitutes a Sixth Amendment violation. There is no reason to stay this case until the Supreme Court rules, however, as existing Second Circuit law is binding on this Court.